Good morning, Your Honor. May it please the Court, I'm Henry Reynolds, attorney for Appellant Lewis Hopkins. I would like to reserve five minutes for rebuttal. The issue I'd like to discuss is whether the ALJ properly evaluated Appellant's past work managing the camera shop and whether Appellant could return to this past work. Of course, Appellant bears the burden of proving that he could not perform this past work, but Appellant fully met that burden. The vocational expert testified that Appellant's past work, as generally performed, required frequent handling. And the Dictionary of Occupational Titles describes a job of retail store manager as requiring frequent handling. In fact, the VE testified that all skilled jobs require frequent handling. However, the ALJ found the Appellant was limited to only occasional, simple gripping movements. And since handling necessarily requires gripping, the record demonstrates that Appellant cannot return to his past work. Appellant also showed that he could not return to his past work as actually performed. Appellant testified that his past work required at times lifting over 50 pounds, and nothing in the record contradicts that evidence. Thus, Appellant met his burden at Step 4 and showed that he could not return to his past work. Regarding remedy, I would urge this Court to reverse the administrative decision and award payment of benefits. Appellant proved that he cannot return to his past work. He proved that at Step 4. And give his limitations to light work, that he has no transferable skills, according to the VE testimony. And he was 55 years old on August 1, 2001. It's a ledge-onset date. Grid Rule 202.06 directs a finding of disabled as of that date. If Your Honors have any questions? Wouldn't we, if we agreed with you, wouldn't those last findings be better done by an ALJ than by this panel? Which findings, Your Honor? The ones that, whether he's able to do other work, not. That's already determined by the grid rules. The grids are dispositive when they determine that, when they direct a finding of disabled, that's dispositive. The ALJ is not permitted to contradict that claim. And since we have an ALJ, we have the VE testifying that, given the limitations imposed by the ALJ, that there's no transferable skill, and we have the claimant being 55 at the alleged onset date, and we have a rule directing it, there's no other work at Step 5. Thank you, Your Honor. Good morning, Your Honors. Nancy Wachowski for the Social Security Administration. As the applicant said, at Step 4, the claimant bears the burden of showing they can no longer perform their past relevant work. And significantly, in explaining why he couldn't work, claimant mainly described mental limitations rather than any hand problems. For example, in answer to the question, please explain how your condition keeps you from working, he wrote, I can't make myself a social person working with people. I try and stay off the sales floor as much as possible. I get extremely agitated when someone asks me to wait the floor. Obscenities fly out my mouth. I just can't handle it. My mother is the same way. And significantly, the ALJ determined that the appellant didn't have any severe mental impairment, and that finding isn't contested here. Also, with respect to the claimant's physical abilities, the ALJ found it significant that the claimant was capable of cooking and gardening and doing laundry and driving a car. He — the ALJ further explained why he discounted the V.E. testimony. And I would direct Your Honor's attention to ER page 81. This testimony was unclear at best. And given that, the ALJ reasonably determined that appellant could perform his past relevant work, and the district court also upheld the ALJ decision, determining that while Hopkins was impaired, he remained capable of performing his past relevant work as a camera store manager. In rejecting the opinion of the V.E., the ALJ relied on Dr. Moore's medical diagnosis of Hopkins' hands. Although Dr. Moore did limit Hopkins to occasional handling and slight to moderate difficulty with distal fingering, he also found that Hopkins had a full range of motion in flexion, extension, and radial and ulnar deviation. Additionally, based on Dr. Moore's findings, medical consultant Franklin Kalmark included that Hopkins was capable of work in spite of his impairments. Didn't the ALJ find that he was not taking the kind of pain medicine that one would expect to find? The ALJ — That's not correct, was it? That finding was not correct? The ALJ's finding in that case was not — was not correct. However, the ALJ's — in this case, it is significant that as to side effects, the appellant did not make any complaints of side effects to the — to his doctors, but only to the Social Security Administration. And I believe — perhaps that is what the ALJ was attempting to state, but if so, he stated it wrongly. What do we do about that? I believe that, in this case, the credibility finding would be fully supported by the remainder of the ALJ's — by the remainder of the ALJ's decision. Okay. Thank you. What did the ALJ — the vocational expert is testifying as to what the requirements of the past work were, and whether he could do them. The ALJ disagrees with him on — on — was it just on the testimony of the claimant that — how did the ALJ come to the conclusion about what the job consisted of? Well, in this case, Your Honor, it's not — it's not clear what exactly the ALJ relied on. But as the appellant stated, step four is the claimant's burden to show that he can no longer perform his job. Well, he — I mean, he's got a vocational expert in there saying he can't do it. Right. And in this case, under — under Crane v. Shalala, a vocational expert isn't even necessary. And it's our position that, in this case, if you review the vocational expert's testimony, particularly around ER page 81, it's very unclear, so it makes sense why the ALJ discounted it. Do you have any further questions? Thank you very much. Thank you. Mr. Reynolds, you get the last word. Thank you, Your Honor. So I — oh, pardon me. But I think ultimately what — what — what Apolli is — is arguing on the past work issue is that the ALJ is entitled to make vocational analysis and say, this is what the job normally requires, and given the RFC, the appellant then would be able to return to that past work. Case law says flat out no. The ALJ is — is entirely allowed to look at past work as actually performed and look at the forms that are — that are in the record, and it will describe how the past work was actually performed, and then the ALJ is allowed to make that but is not permitted to make a vocational — vocational finding about how a job is generally performed. There are only two ways the — the ALJ can get that — that evidence. Obviously, the ALJ is — is not an expert on what the job requirements are of particular jobs. He's allowed to use a VE or he's allowed to use a DOT. DOT and the VE were explicit. Both — that those jobs require frequent handling, and since gripping as the — you know, the ALJ limited gripping to only occasional, if you assume gripping requires handling, then the two completely conflict. What the — what Apolli is arguing simply isn't true. The ALJ is not entitled to make a vocational expert analysis of what the requirements are of work as they're generally performed. Roberts. Is the VE testimony even relevant at Step 4, or is that usually relevant at Step 5? Feigin. Ordinarily, you would bring in a VE at Step 5. You're right. But if you're going to make the — if you want to make the analysis at Step 4 about how the work is generally performed, not how this claimant performed it, you need to have somebody who's going to know how it's generally performed. Well, you don't have to be a — you know, a rocket scientist to know what a manager of a camera store does. I mean, what do you need expert testimony for on that? I can see where you'd need a vocational expert to testify that he's not able to find other work in the economy, but everybody knows what a camera store manager does. Well, the ALJ, you see in the record, the ALJ didn't think that there would be any particular paperwork required doing payroll. The VE had to bring that up and say, no, he's going to have to do — probably going to actually have to fill out, using a pen, filling that out. There's going to be boxes to be opened. There's going to be cameras operated. So it's — there's some material that the ALJ simply wasn't clear on. But more than that, we simply don't have anything in the record where the ALJ makes a finding where he says, okay, I find that one can — one can open a box without doing any gripping action. I find that one can use a pen without doing a gripping action. Obviously, all these things require a gripping action. It contradicts what the ALJ actually found. That's binding on the Commissioner. Your Honor, I think they're stuck. Thank you. Thank you very much. And thanks to both counsel. The case just argued is submitted.
judges: Canby, Silverman , Jones